IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| GREAT AMERICAN ASSURANCE COMPANY | § § § | |
| vs. | § § | C.A. NO. 7:20-cv-00074 |
| ADRIANA PATRICIA OLIVARES, d/b/a ANYACA TRANSPORT, EDWARD CARDENAS and TOMAS AYALA | § § § § | JURY TRIAL REQUESTED |

## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Great American Assurance Company ("Great American"), plaintiff, seeks a declaratory judgment against defendants Adriana Patricia Olivares d/b/a Anyaca Transport ("Olivares" or "Anyaca"), Edward Cardenas, and Tomas Ayala that Great American's Non-Trucking Liability ("NTL") policy does not provide coverage for the alleged liability of Olivares and Cardenas to Ayala for injuries arising from a May 8, 2017 collision that has resulted in a lawsuit by Ayala against Olivares and Cardenas.

### PARTIES

1.  Plaintiff Great American Assurance Company is a corporation chartered in Ohio, with its principal place of business in Ohio. It is a citizen of Ohio.

2. Defendant Adriana Patricia Olivares d/b/a Anyaca Transport is a resident and citizen of the State of Texas, who may be served with Summons at her residence and Anyaca Transport's listed place of business: 104 Yazmin Street, Weslaco, Texas 78596.

3. Defendant Edward Cardenas is a resident and citizen of the State of Texas, who may be

served with Summons at his residence: 1719 Maria Street, Weslaco, Texas 78596.

4. Defendant Tomas Ayala is a resident and citizen of the State of Texas, who may be served with Summons at his residence: 960 N. Oklahoma Avenue, Brownsville, Texas, 78521.

### JURISDICTION AND VENUE

5. The court has subject matter jurisdiction for this lawsuit based upon diversity of citizenship of the parties as provided by 28 U.S.C. §1332, and pursuant to the Declaratory Judgment Act, 28 U.S.C.§2201, *et. seq*.

6. The court has personal jurisdiction over defendants, in this venue, because Olivares and Cardenas live in this district and division and the subject of the lawsuit is insurance coverage for them under a policy issued to a named insured (Anyaca Transport) located within this district and division. The court has personal jurisdiction over Ayala because he resides in this district.

7. The case or controversy at issue in this lawsuit is the application of Great American's insurance policy (issued to Anyaca Transport, an assumed name of Olivares) to a personal injury lawsuit filed by Ayala against Olivares[1] and Cardenas: No. 2019-73149; *Tomas Ayala v. Adriana Patricia Olivarez, Edward Cardenas, ONG Transport, Inc. and UV Logistics, LLC*; In the 281st District Court of Harris County, Texas ("the tort lawsuit").[2] The tort lawsuit arises from a May 8, 2017 collision between a tractor-trailer operated by Cardenas and a tractor-trailer operated by Ayala on Highway 77 in Nueces County, within this district. Olivares and Cardenas have filed appearances in the tort lawsuit.

---

[1] Ayala's tort lawsuit pleading spells Olivares' name with an ending "z" instead of "s," but the same person is sued in the tort lawsuit and in this lawsuit, and she spells her name "Olivares."

[2] The tort lawsuit was filed in Cameron county because Ayala resides there, but that is not a statutory basis for venue. The lawsuit was transferred to Harris county, apparently because ONG is located there

2

8. The issue whether Great American has a duty to defend Olivares and Cardenas in the tort lawsuit is ripe for adjudication because they are in need of and being provided with a defense by Great American in order to prevent a default judgment, but the duty to defend is disputed. Great American issued its NTL policy to Anyaca Transport, an assumed name of Olivares, at her residence (the same as Anyaca's assumed name filing address) in this District and Division. However, Great American denies that it has a duty to defend Olivares and Cardenas, due to the application of exclusion 13 in its NTL policy, which bars coverage for use of the insured truck (a) "in the business of any lessee" or (b) while carrying cargo. The contested duty to defend is a case or controversy ripe for adjudication. So too will be the duty to indemnify if the court finds that there is no duty to defend because Cardenas was operating the insured truck "in the business of" ONG Transport, Inc. ("ONG"), the motor carrier/lessee.

9. Venue is proper in this District and Division pursuant 28 U.S.C. §1391(b) because (a) Olivares and Cardenas reside in this District and Division and Ayala resides in this District; (b) Olivares is (based upon her assumed name filing) the owner of Anyaca Transport and operates it in this district and division as her assumed name enterprise; (c) Cardenas drove Olivares' truck, leased by Olivares to ONG; and (d) Great American issued its policy to Anyaca Transport (an assumed name of Patricia Olivares) at the residence of Ms. Olivares (also the business location of Anyaca Transport) in this district and division.

10. The amount in controversy is in excess of this court's jurisdictional minimum, as indicated by Ayala's Original Petition (¶12.1) seeking in excess of $200,000 but not more than $1,000,000 in damages for personal injuries.

## RELEVANT FACTS

11. Great American issued an NTL policy to Anyaca Transport, Olivares' assumed name proprietorship, which provided liability coverage arising from the very infrequent use of a 10-wheel power tractor *outside* the motor carrier/cargo transport operations in which a tractor-trailer owner or driver would ordinarily operate such a truck. Consistent with the very infrequent personal use of a leased tractor, the premium for NTL coverage was a small fraction of a trucking premium.

12. Cardenas was operating the insured truck as an approved driver for ONG Transport, Inc. ("ONG"), a federally-licensed motor carrier, at the time of the collision at issue on May 8, 2017. Olivares leased her 2000 Kenworth tractor and 1980 Freuhauf trailer to ONG in an Owner Operator Lease Agreement ("the Lease") dated May 5, 2017, which was in effect at the time of the collision at issue on May 8, 2017. Cardenas was using the leased tractor and trailer to haul cargo for ONG, as its agent and statutory employee, when his tractor-trailer collided with a tractor-trailer driven by Ayala on Highway 77 in Nueces County, Texas. Ayala alleges that Cardenas exited a parking lot onto Highway 77 when it was not safe to do so, causing the collision.

13. The only reason Cardenas was operating the leased truck at the time and place of the collision is that, as a driver for ONG, he had accepted a dispatch request to haul its cargo and was doing so at the time of the collision. Cardenas was driving ONG's truck on a Texas highway at the time and place of the collision only because Olivares/Anyaca Transport had leased the truck to ONG and ONG dispatched him to serve its business interests as a motor carrier/lessee by hauling its cargo.

14. Ayala has alleged, in his Original Petition in the tort lawsuit, that Cardenas was an employee, statutory employee and/or agent of Olivares, acting within the course and scope of employment, at the time and place of the collision. (¶¶5.6-5.7). Ayala's tort lawsuit pleading cites

4

49 U.S.C.A. §14102(a) in alleging that Olivares, ONG Transport, Inc. and/or UV Logistics "had exclusive control of the tractor trailer which Edward Cardenas was operating," and "such carrier is deemed to have assumed complete responsibility for the operation of the commercial motor vehicle" pursuant to 49 C.F.R. §§376.11-.12." (¶5.7). Thus, Ayala concludes, Olivares, ONG, and/or UV Logistics "are vicariously liable . . . under the Federal Motor Carrier Safety Regulations for any and all negligence of Edward Cardenas." (¶5.7).

15. Olivares d/b/a Anyaca Transport was in fact the truck's owner/lessor, and ONG was in fact the truck's lessee/motor carrier. Pursuant to the Federal Motor Carrier Safety Regulations, Olivares' lease of the tractor and trailer yielded operational control and responsibility for them to ONG as a matter of law. Cardenas was the truck's driver, and as a matter of law he was in the scope of his agency for ONG as a statutory employee, and hauling its cargo, at the time of the collision. UV Logistics was the *prior* motor carrier/lessee.

16. No matter which of the three tort lawsuit defendants listed by Ayala as motor carrier or lessee candidates was the actual motor carrier/lessee, Ayala's Original Petition is clear that he was operating a leased truck, subject to applicable federal motor carrier regulations that apply only to leased trucks engaged in the transportation of cargo.

## GREAT AMERICAN'S NTL POLICY COVERAGE DOES NOT APPLY

17. The Non-Trucking Liability policy issued by Great American to Anyaca Transport was number GTP3092412, in effect from December 31, 2015 until cancelled. It was in effect at the time of the collision in issue, and provided coverage for the non-trucking use of the 2000 Kenworth tractor (VIN ending 6866) that Cardenas was operating at the time of the collision in issue. Great American's NTL policy is, by name and by definition, *not* a policy issued to cover "trucking"

5

operations (such as Cardenas' cargo transport on behalf of ONG as lessee). NTL policies such as the one issued to Anyaca Transport carry relatively tiny premiums in relation to trucking policies because they are issued to cover the occasional personal use of a leased tractor, not trucking operations that are in the business of or for the benefit of a lessee/motor carrier.

18. The collision in issue is an example of what a trucking policy covers and what an NTL policy does not. It occurred during a trip to deliver cargo on behalf of a federally licensed motor carrier (ONG). Transporting ONG's goods was business (trucking) use of the tractor for the lessee, not a personal use for Olivares or Cardenas. The trip was in the business of trucking from the time Cardenas was dispatched to pick up his load until the time he returned to his home garage in Hidalgo County, Texas—a termination point never reached due to the intervening accident. The trip during which the collision occurred was all the more clearly in the business of and for the benefit of the motor carrier because Cardenas was actually hauling ONG's cargo at the time.

19. Great American effectuates its underwriting intent (to cover non-trucking liability only) through exclusion 13 in the NTL policy, which states as follows:

> **Bodily injury** or **property damage** arising out of any **accident** which occurs while the covered **auto** is being used in the business of any **lessee** or while the covered **auto** is being used to transport cargo of any type.

(Bold-faced words and phrases are defined in the policy). Exclusion 13 goes on to specify, in subparts a. through d., that a vehicle is used "in the business of any lessee" in *each* of the following situations: when it is used for the benefit of or to further the interest of any lessee; in the scope of employment by any lessee; under the direction, control or dispatch of any lessee; and while traveling to or from a location to pick up, deliver or transport cargo for any lessee.

20. The trip on which Cardenas was driving the truck for ONG at the time of the collision

triggers subparts a., b., c. and d. of exclusion 13, as each of the listed categories of conduct is acting **"in the business of"** the motor carrier/lessee. Cardenas' operation of the leased truck in the business of the motor carrier is the opposite of what a Non-Trucking Liability policy exists to cover.

21. Separate from the application of subparts a.-d. of exclusion 13, the fact that Cardenas was hauling cargo for ONG at the time of the collision makes exclusion 13 applicable without regard to a lessee relationship. The exclusion, as quoted above, applies to injury arising from an accident that occurs "while the covered auto is being **used to transport cargo of any type**." Cardenas was transporting ONG's cargo at the time of the collision, which in itself takes the alleged liability of Olivares and Cardenas out of NTL coverage.

**DECLARATORY RELIEF**

22. This Complaint for Declaratory Judgment raises a question of contract interpretation, which plaintiff believes can be resolved as a matter of law. Ayala's Original Petition alleges that Cardenas was an actual or statutory employee, in the course and scope of employment, at the time of the collision. Further, the pleading mentions the lease of the truck and the Federal Motor Carrier Safety Regulations that apply to leased trucks. The allegation that Cardenas was in the course and scope of employment with the lessee necessarily means that he was doing the lessee's business, and specifically triggers part b. of exclusion 13. The type of use that an NTL policy covers (personal) is negated by alleged use in the course and scope of employment with a trucking company. The Original Petition alleges a trucking liability rather than an non-trucking liability. Great American thus does not have a **duty to defend** Olivares or Cardenas against Ayala's Original Petition.

23. If the court nevertheless finds that Ayala's tort lawsuit pleading leaves it impossible to determine whether NTL coverage is implicated, that would justify applying an exception to the eight

7

corners rule as authorized by the U.S. Court of Appeals for the Fifth Circuit. If the court cannot rule from the face of Ayala's Original Petition whether exclusion 13 applies to her claim, it would be appropriate to consider the clearly established facts that Cardenas was (a) a driver for ONG; (b) his truck was leased to ONG; and (c) he was hauling ONG's cargo at the time and place of the collision. Again, in that event, Great American thus does not have a duty to defend Olivares or Cardenas.

24. Because there is no duty to defend on an eight corners rule basis, or—if needed—upon considering extrinsic evidence of the driver's mission, the **duty to indemnify** is ripe for adjudication under Texas precedent. Great American therefore seeks a declaratory judgment that there is no possibility it has a duty to indemnify Olivares d/b/a Anyaca Transport and Cardenas, for the same reason it has no duty to defend them: Cardenas was "in the business of" ONG at the time of the accident, and both his liability and that of Olivares d/b/a Anyaca Transport as truck owner/lessor are within exclusion 13. Such a finding would be consistent with, not contradict, the tort lawsuit allegations against Cardenas, Olivares and ONG.

### DEMAND FOR JURY TRIAL

Great American Assurance Company, asserts its rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all fact issues.

### CONCLUSION

Great American Assurance Company, plaintiff, therefore prays that defendants be summoned to appear and that, upon adjudication of this action, it have a declaratory judgment against all defendants that it does not have a duty under its Non-Trucking Liability Policy to defend or indemnify Adriana Patricia Olivares d/b/a Anyaca Transport or Edward Cardenas against the claims

for damages made by Tomas Ayala in the underlying tort lawsuit, and for such further relief to which

it is entitled.

Respectfully submitted,

By:     /s/ *Jack McKinley*

Jack McKinley
Southern District No. 6311
State Bar No. 13716300
750 Bering, Suite 600
Houston, Texas 77057
TEL: (713) 266-0074
FAX: (713) 266-1064
jmm@ramey-chandler.com
ATTORNEYS FOR PLAINTIFF

OF COUNSEL:
RAMEY, CHANDLER, QUINN & ZITO, P.C.